United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MISAEL ANTONIO LOPEZ RIVAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6980 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Misael Antonio Lopez Rivas ("Petitioner"), a citizen of Honduras, entered the United States without inspection in March 2022.[1] On July 6, 2026, Petitioner was taken into immigration custody.[2] On July 7, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶ 18; Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 9 ¶ 21.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 5, p. 3.

due process.[5] Petitioner also argues that he was arrested without a warrant in violation of the Accardi doctrine.[6] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(i), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

---

[5]Habeas Petition, Docket Entry No. 1, pp. 15–19 ¶¶ 36–47.

[6]Id. at 11–15 ¶¶ 26–35.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 29th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE